**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONALD MUELLER,

        Petitioner,                  Case Number: 05-74743

v.                                       HON. DENISE PAGE HOOD

TOM BELL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Donald Mueller has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, challenges his conviction for third-degree criminal sexual conduct. For the reasons set forth below, the Court denies the petition.

**I. Facts**

Petitioner's conviction arises out of the sexual assault of Steven Shrock, who was 33 years old at the time of the assault.

Steven Shrock testified that he met Petitioner at a donut shop he visited daily after working a mid-day shift at Arby's. Petitioner also would occasionally visit Arby's while Steven was working and buy Steven lunch. On March 11, 2000, Petitioner asked Steven to visit Petitioner's house after Steven's shift at Arby's. Steven agreed. At Petitioner's house, Petitioner showed Steven pictures on his computer of naked women and couples engaging in sex. Petitioner also informed Steven that he had to follow the rules of the house, which meant that Steven had to remove his pants. Petitioner told Steven not to tell anyone Petitioner had shown

him these pictures.

Steven testified that Petitioner also picked him up after his shift at Arby's on March 13, 2000. Petitioner drove to a video store where he rented two pornographic movies. Petitioner then drove Steven to his house. Petitioner informed Steven that he had to follow the rules of the house and remove his pants. Steven pulled his pants down a bit. Petitioner then pulled them down farther. Petitioner removed his own pants and underwear. Petitioner began playing a pornographic movie. Petitioner then performed fellatio on Steven.

Steven Shrock's mother, Shirley Shrock, testified that Steven was in special education classes from the time he enrolled in school until he was 26 years old. She estimated his ability to reason and make decisions to be at the level of a six- to eight-year-old, and estimated his IQ to be between 45 and 55. Steven held a job at an Arby's restaurant. Ms. Shrock testified that, after working a mid-day shift at Arby's, Steven would often go to a donut shop where he visited with a group of men that met there every afternoon. In March 2000, Petitioner began hanging out at the donut shop. Steven originally met Petitioner at the donut shop several years prior.

One afternoon, in March 2000, Steven had dinner at Petitioner's home. Ms. Shrock was upset that she did not meet Petitioner prior to Steven going over to his home. When Petitioner drove Steven home, Ms. Shrock spoke with him about his interest in Steven. Ms. Shrock testified that Petitioner told her that he had a mentally impaired son with whom he was unable to spend much time. He enjoyed spending time with Steven because Steven reminded him of his own son. Satisfied by this explanation, Ms. Shrock agreed that Steven could see Petitioner several days later, on March 13, 2000. A few days after the March 13, 2000 visit, Ms. Shrock overheard Steven speaking on the phone to Petitioner. Steven was quite agitated. She overheard

Steven ask Petitioner if he had to obey the rules of Petitioner's house and take off his pants. Ms. Shrock then questioned Steven and he told her what had occurred at Petitioner's home. She contacted police.

Petitioner did not present any witnesses on his own behalf.

## II. Procedural History

Following a jury trial in Saginaw County Circuit Court, Petitioner was convicted of third-degree criminal sexual conduct. On March 6, 2003, he was sentenced to 162 to 270 months imprisonment.

Petitioner appealed as of right to the Michigan Court of Appeals, presenting the following claim:

> The lower court's denial of defendant-appellant's motion for directed verdict of acquittal was reversible error where, viewed in the light most favorable to the prosecution, the evidence was insufficient to satisfy a rational fact-finder that all of the elements of third-degree criminal sexual conduct were proven beyond a reasonable doubt.

The Michigan Court of Appeals affirmed Petitioner's conviction. People v. Mueller, No. 247660 (Mich. Ct. App. June 17, 2004).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, presenting the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Mueller, No. 126602 (Mich. Dec. 29, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claim:

> The Michigan Court of Appeals' opinion affirming the trial court's denial of Petitioner's motion for directed verdict of acquittal, was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding within the meaning of 28 U.S.C. § 2254(d)(2) where,

viewed in the light most favorable to the prosecution, the evidence failed to establish beyond a reasonable doubt that the alleged victim of third-degree criminal sexual conduct under M.C.L. 750.520d(1)(c) due to mental disease or defect, was temporarily or permanently incapable of appraising the nature of his conduct so that he did not understand either the physical act alleged or the accompanying nonphysical factors including its moral quality, or both, to the extent that such incapability was apparent to a reasonable person.

### III.  Discussion

### A.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We

---

[1] 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court stated that:

> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 409-11.

### B. Sufficiency of the Evidence

In his sole claim for habeas corpus relief, Petitioner alleges that insufficient evidence was presented to show that the victim was mentally incapable of consent or that Petitioner knew the

---

court, a determination of a factual issue made by a State court shall be presumed to be correct.

victim was mentally incapable of consent.

In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); West v. Seabold, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

The last state court to issue a reasoned opinion regarding Petitioner's sufficiency of the evidence claim, the Michigan Court of Appeals, stated, in relevant part:

> In reviewing an appeal based on sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether the prosecutor introduced evidence sufficient to justify a rational trier of fact in finding that the essential elements of the crime were proven beyond a reasonable doubt. People v. Breck, 230 Mich. App. 450, 456; 584 N.W.2d 602 (1998).
>
> A person is guilty of committing criminal sexual conduct if the perpetrator engages in sexual penetration with another person that the perpetrator knows or has reason to know was mentally incapable. Breck, *supra* at 451; M.C.L. 750.520d(1)(c). "Mentally incapable" means that a mental disease or defect caused the victim to be temporarily or permanently incapable of appraising the nature of his or her conduct. Breck, *supra* at 451; M.C.L. 750.520a(f). This definition encompasses the victim's understanding of the physical act as well as the nonphysical factors, such as the moral quality of the act. Id. at 45.
>
> Defendant first argues that the prosecution presented insufficient evidence to

> prove that the victim was mentally retarded.  However, the victim's mother testified that her son was mentally impaired and had required special education for most of his life.  She also testified that the victim had almost no knowledge of sex.  Further, Saginaw Community Mental Health therapist Jay McCrae, who treated the victim after the incident, testified that the victim had the mental capacity of a person between the ages of five and seven in the area of sexual issues.  A rational trier of fact could have found from these facts that the victim was mentally incapable of consent.
>
> Defendant next contends that the prosecution failed to present sufficient evidence to prove that defendant knew that the victim was mentally incapable of consent. . . . [I]t was not necessary for the prosecution to prove defendant's actual, subjective knowledge of the victim's mental retardation.  Rather, the prosecution only needed to produce evidence showing that a reasonable person would have known that the victim was mentally incapable of consent. . . . Nevertheless, we find that the prosecution produced sufficient evidence to prove defendant's subjective knowledge.  The victim's parents both testified that defendant had stated that his affinity for the victim was due to the victim's resemblance to defendant's own mentally impaired son.  Given that the defendant's own child was mentally impaired, a reasonable trier of fact could infer that the defendant has, as a result of his personal knowledge of and familiarity with mental illness, a heightened awareness of a mental impairment in another individual.  Further, the victim testified that defendant gave him a bag of candy when he asked the victim not to tell his parents, thus permitting the jury to infer that defendant had bribed his victim in the way one might bribe a child.  In addition, McCrae, who treated the victim after the incident, testified that someone clinically classified as mildly retarded would appear to a layperson as more severely retarded. The evidence was sufficient to allow a reasonable trier of fact to infer that defendant had knowledge of the victim's mental incapacity.

Mueller, slip op. at 1-2 (internal citation omitted).

The Court finds this resolution of Petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law.  The Court of Appeals' decision cited case law which plainly incorporated the Jackson standard and explained and supported its conclusion that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt.  Petitioner has not presented any new evidence to show that the state court's findings of fact were erroneous.  According the state court's factual findings a

presumption of correctness, *see* 28 U.S.C. § 2254(e)(1), this Court concludes that the state court of appeals' decision that all of the elements of the crime were satisfied did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

### IV.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager