# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONALD MUELLER,

        Petitioner,                      Case No. 05-74743
                                                    Honorable Denise Page Hood

v.

TOM BELL,

        Respondent.

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY

Petitioner Donald Mueller has appealed this Court's Opinion and Judgment denying his habeas corpus petition.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. §

2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. at 484. "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Petitioner's sole habeas claim challenging his conviction for third-degree criminal sexual conduct is based upon his assertion that there was insufficient evidence presented to show that the victim was mentally incapable of consenting or that Petitioner was aware that the victim was incapable of doing so. This Court was required to apply a presumption of correctness to the state court's findings of fact. *See* 28 U.S.C. § 2254(e)(1). As such, this Court held that the court of appeals' decision holding that all of the elements of the crime were satisfied did not involve a decision that involved an unreasonable application of, clearly established Federal law and habeas relief was unwarranted. (*See* December 30, 2006 Op. and Or. Denying Pet. for Habeas Corpus, p. 6, 8) Reasonable jurists, however, could debate the Court's assessment of Petitioner's claim. A certificate of appealabilty may issue on Petitioner's habeas claim.

Accordingly,

IT IS ORDERED that Petitioner's Motion for Certificate of Appealabilty [**Docket No.**

**22, filed February 1, 2007**]  is GRANTED.


Dated: <u>April 17, 2007</u>  /s/ Denise Page Hood  
                                                                        DENISE PAGE HOOD  
                                                                        United States District Judge



      I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2007, by electronic and/or ordinary mail.

                                                                        S/William F. Lewis  
                                                                       Case Manager